OPINION
{¶ 1} Defendant-appellant Richard Pierce appeals from his conviction and sentence for Driving Under the Influence and Failure to Obey Traffic Control Device, following a plea of no contest. Pierce contends that the trial court erred by denying his motion to suppress evidence. Pierce contends that the evidence was obtained as a result of an unlawful stop and arrest, because the police officer who effected the stop and arrest was acting outside the territorial limits of his jurisdiction, pursuant to R.C. 2935.03.
 {¶ 2} We conclude that even if the police officer who stopped and arrested Pierce was in violation of the statute, that would have been a statutory violation, not a constitutional violation. Therefore, followingState v. Weideman (2002), 94 Ohio St.3d 501, evidence obtained as a result of the stop and arrest need not be excluded. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Five Rivers Metroparks Ranger Charles Jones saw Pierce run a red light at an intersection in Dayton. Jones pursued Pierce, ultimately stopping him and arresting him within the City of Dayton. Following the stop, Pierce was arrested and charged with DUI and Failure to Obey a Traffic Signal.
 {¶ 4} Pierce moved to suppress evidence, contending that it was obtained as a result of an unlawful search and seizure. Following a hearing, the parties filed memoranda on the issue of whether the police officer effecting the stop and arrest was acting outside the territorial limits of his jurisdiction. The trial court overruled the motion, concluding that this case was controlled by State v. Weideman, supra.
 {¶ 5} Following the overruling of his motion to suppress, Pierce pled no contest, was found guilty and was sentenced accordingly. From his conviction and sentence, Pierce appeals.
 II {¶ 6} Pierce's First Assignment of Error is as follows:
 {¶ 7} "Motion to suppress should have been granted because the Defendant's Traffic stop was unconstitutional due to Officer Initiating stop from outside of his Jurisdiction."
 {¶ 8} Pierce contends that the police officer who stopped him was operating outside the limits of his jurisdiction, in violation of R.C.2935.03(A), which provides that a police officer may arrest and detain, until a warrant can be obtained, a person found violating a state law or a municipal ordinance, within the limits of the political subdivision. Pierce also contends that the stop was not authorized by R.C. 2935.03(D), which provides for an arrest outside the limits of the subdivision, if pursuit is initiated within the limits of the political subdivision in which the peace officer is appointed. Pierce cites State v. Coppock
(1995), 103 Ohio App.3d 405, in support of this proposition.
 {¶ 9} As we noted in State v. Coppock, supra, a stop or arrest in violation of the territorial limits imposed by statute upon a police officer's arrest powers, is not a constitutional violation, and will not, therefore, support the extraordinary remedy of exclusion of evidence obtained as a result of an unlawful stop or arrest. This principle was recently reaffirmed in State v. Weideman, supra.
 {¶ 10} Although Pierce appears to be arguing that his stop and arrest was, under the circumstances of this case, more than a mere statutory violation, we do not understand his argument. Ranger Jones saw Pierce run a red light. Clearly Jones had sufficient cause to stop Pierce and cite him for the red-light violation. The only impropriety with the stop was its alleged extra-territorial nature. This was, at most, a statutory violation, not a constitutional violation.
 {¶ 11} Pierce's First Assignment of Error is overruled.
 III {¶ 12} Pierce's Second Assignment of Error is as follows:
 {¶ 13} "The prosecution failed to carry its burden showing that Defendant's stop was constitutional."
 {¶ 14} Again, we have some difficulty following Pierce's argument. He appears to be contending that, irrespective of the alleged extra-territorial nature of the stop, the State failed to meet its burden of proving that the stop was constitutional.
 {¶ 15} A traffic stop merely requires a reasonable, articulable suspicion that there has been a violation. Ranger Jones testified that he saw Pierce run a red light. This testimony supports the State's burden of establishing a reasonable, articulable suspicion of a traffic violation as the basis for the stop.
 {¶ 16} Perhaps Pierce is seeking to argue that the State failed to establish probable cause for his arrest for DUI. This is outside the scope of his assignment of error, which is addressed solely to the stop. More importantly, it is outside the scope of the argument made to the trial court, following the hearing on Pierce's motion to suppress. His post-hearing memorandum in support of his motion to suppress dealt exclusively with the alleged extra-territorial nature of the stop and arrest. Pierce did not contend, either in his oral argument to the trial court following the suppression hearing, or in his post-hearing memorandum, that the State had failed to satisfy its burden of establishing probable cause for the DUI arrest. Under these circumstances, we conclude that Pierce has waived any error in this regard.
 {¶ 17} Pierce's Second Assignment of Error is overruled.
 IV {¶ 18} Both of Pierce's assignments of error having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.